UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. RON CEASAR | CIVIL ACTION |
| VERSUS | NO. 18-10619 |
| PEDESTAL BANK;<br>PRESIDENT/C.E.O PEDESTAL BANK | SECTION M (3) |

**ORDER & REASONS**

Before the Court is a motion to dismiss for insufficient service of process filed by defendant Pedestal Bank ("Pedestal"),[1] to which plaintiff Dr. Ron Ceasar ("Ceasar") responds in opposition,[2] and in further support of which Pedestal replies.[3] Also before the Court is Ceasar's motion to strike statement in Pedestal's motion to dismiss.[4] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

**I. BACKGROUND**

On November 9, 2018, Ceasar filed this suit against Pedestal and its unnamed "President/C.E.O." alleging that he was harmed by Pedestal's applying its overdraft policy in a discriminatory manner.[5] Ceasar attempted to serve process on Pedestal and its president by mailing a copy of the complaint to Pedestal's president.[6] Pedestal filed the instant motion to dismiss arguing that both it and its president were not properly served with process.[7] Ceasar argues that Pedestal's motion is a waste of the Court's time because Pedestal obviously has notice of the suit and, therefore, proper service of process is not required.[8]

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] R. Doc. 16.
[4] R. Doc. 12.
[5] R. Doc. 3.
[6] *Id.*
[7] R. Doc. 9.
[8] R. Doc. 11.

### III. LAW & ANALYSIS

#### A. Insufficient Service of Process

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for improper service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed.).

Rule 4(c) of the Federal Rules of Civil Procedure states that service of process can be made by "[a]ny person who is at least 18 years old and not a party." Cesasar, who is a party, cannot serve the defendants himself. Therefore, service has not been properly effectuated.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. "'Good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Further, "courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Id*. (quoting *Lambert*, 44 F.3d at 299).

Ceasar is proceeding *pro se*. However, "[a] litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict

standard requiring more proof than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Ceasar, who has experience as a *pro se* plaintiff, has not attempted to demonstrate excusable neglect.[9] Therefore, dismissal without prejudice is appropriate.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Pedestal's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Ceasar's motion to strike is DISMISSED as moot.[10]

New Orleans, Louisiana, this 20th day of May, 2019.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 12 (Ceasar refers to himself as "the 'Johnny Cochran of *pro se* litigants"). Further, a search of the public records on PACER reveals that Ceasar has had multiple *pro se* cases in various courts.

[10] Ceasar moves to strike various statements in Pedestal's motion to dismiss that he argues are prejudicial. But it is Ceasar's motion that may in fact be objectionable as it is largely an unsupported attack on the credibility and professionalism of defense counsel.